W. K. Greever v. The State.

No. 12926. Delivered February 19, 1930.
Reported in 24 S. W. (2d) 1093.

The opinion states the case.

*J. Shirley Cook* and *L. P. Bonner,* both of Vernon, for appellant.

*John Myers,* Dist. Atty. of Vernon, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawfully failing to stop and give aid after striking and injuring one with an automobile; penalty, two years in the penitentiary.

A young boy was run over and killed by an automobile on South Main Street at a filling station in the town of Vernon. The testimony for the State tended to show that appellant with two male and three female companions were the occupants of the car which ran over the child. It further tends to show that the driver of the car did not return and render any aid. For the appellant it was proven that there was a glaring light at the time ahead of him, that if he ran over a child he did not then know it and was not apprised of it until after he had passed the filling station, when one of the occupants of the car observed the excitement at the station and informed him that he must have run over someone; that he stopped and turned around at a point something like two hundred yards from the station, which was the first place he could make the turn; that when he arrived back at the scene of the accident the boy had already been taken charge of by others and he had no opportunity to render aid.

Appellant was arrested on the 9th of February, 1929, and went to trial the 4th of April, 1929. Among the occupants of appellant's car was a Mrs. Kelleher, who at the time of appellant's arrest and continuously until the time of his trial was temporarily absent from the State, having gone for a visit to California. Appellant made his first application for a continuance for this witness and another and avers in addition to the above that he inquired of the sister and family of Mrs. Kelleher and of all persons whom he knew to be acquainted with her of her exact location but was unable to ascertain it until April 1, 1929, which was too late to secure her testimony. Without tediously reciting what was expected to be proven by her,

suffice it to say that it tended to prove the truth of appellant's defense. There is nothing in the entire record which reflects in any way upon the truthfulness of the allegations of this motion for a continuance. If she were travelling, as is averred in this motion and her whereabouts was finally ascertained, but too late to secure this highly material testimony, the conclusion that her testimony, if procured, would not probably affect the result of the trial would hardly seem justified. The application for continuance is in statutory form and the issues of this case and its facts are such that we believe the Court erred in refusing to give appellant an opportunity to secure this testimony.

At the time of the accident two ladies sat on the front porch of a house nearby. The Court over objection permitted the conversation between these two that occurred immediately after the accident. Some of this conversation follows:

"And when we heard the lick Mrs. Hale said 'Oh my God,' and I said 'did that car hit anything,' and she said, 'I think so.' I said 'if it did it ran off the pavement to do it,' I said 'It looks like the car was going off the pavement.' "

These seem to be comments and criticisms of observers who were not participants in the transaction. They were made out of hearing and in the absence of appellant and a part of these were prejudicial. They should have been excluded. Branch's P. C., Sec. 87; Faulkner v. State, 43 Tex. Crim. Rep. 325.

Criticisms of the Court's charge found in appellant's brief were not properly preserved in the lower court and will not be discussed.

For the errors above indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.